**WARREN ESTRADA, Plaintiff**

v.

**ST. THOMAS RACING ASSOCIATION and IRA PETERSEN, as a Representative of a class, Defendants**

Civil No. 176-1970

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

January 19, 1971

VERNE A. HODGE, Attorney, St. Thomas, V.I., *for the plaintiff*

FRANCISCO CORNEIRO, Attorney, St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

ORDER

On February 16, 1970, the plaintiff who was then represented by John E. Stout, Esq., filed a complaint alleging in essence that the defendants, the St. Thomas Racing Association and Ira Petersen, the President of that association, wrongfully and without just cause suspended the plaintiff as a trainer or jockey for a period of two years commencing January 20, 1970. The complaint further alleged that such suspension effectively precluded the plaintiff from exercising his right to participate in the sport and his right to probable financial gain thereby.

On March 17, 1970, an answer was filed by the defendants who are represented by Francisco Corneiro. The answer admitted that the plaintiff had in fact been suspended for two years but denied that this suspension was wrongful or in any respect contrary to law.

On June 3, 1970, the Court upon the written stipulation of the respective attorneys (John E. Stout, Esq., for the plaintiff and Francisco Corneiro, Esq., for the defendants) that this action could be dismissed with prejudice, did so order.

On October 28, 1970, the plaintiff by his present attorney, Verne A. Hodge, Esq., moved the Court to reinstate the above action on the grounds that the defendants have allegedly failed to comply with an agreement which had formed the basis of their stipulation to dismiss the action with

171

prejudice. The plaintiff claimed that when the stipulation to dismiss the case was entered into, it was agreed that the plaintiff would be permitted by the defendants to participate as a jockey once again. This he claims has not been complied with so that he still today finds himself excluded from this activity.

The defendants, on the other hand, in their "Motion to Dismiss Plaintiff's Motion for Reinstitution of Action" filed with the Court on November 10, 1970, took the position that the defendant, St. Thomas Racing Association, prior to the filing of the plaintiff's motion, had ceased to exist and that Ira Petersen was now the President of the St. Thomas Racing Club which it claimed has "no legal succession or relationship to the now dissolved St. Thomas Racing Association." The defendants in their motion further denied the existence of any terms or conditions to the stipulation dismissing the action with prejudice.

A hearing on the plaintiff's motion to reinstate the action was held on December 9, 1970 with both parties subsequently submitting Memorandum of Law.

After careful consideration of the Pleadings, oral argument and memoranda of the parties, the Court does not feel that the plaintiff has made a sufficient showing to justify relief under Rule 60b of the Federal Rules of Civil Procedure, a rule also applicable in this Court.

In the Court's opinion the decision in the case of Hodge v. Scott-Free Corporation, Civil No. 224-1969, relied on by plaintiff herein, is inapposite to the record before the Court in this case.

The plaintiff's motion to reinstate this action will therefore be dismissed.